**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3529-17T4

JAMES TROUT,

     Plaintiff-Appellant,

v.

WINNER FORD,

     Defendant-Respondent.

_____

Submitted December 5, 2018 – Decided  December 18, 2018

Before Judges Alvarez, Reisner, and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4712-17.

Law Offices of Leo B. Dubler, III, LLC, attorneys for appellant (Leo B. Dubler, III and Mark R. Natale, on the briefs).

Montgomery Fetten, attorneys for respondent (John S. Fetten, of counsel and on the brief; Jason B. Rojas, on the brief).

PER CURIAM

Plaintiff James Trout appeals from a March 29, 2018 order compelling arbitration of his Consumer Fraud Act (CFA) and Truth in Consumer Contract, Warranty and Notice Act (TCCWNA) claims, against defendant Winner Ford, relating to the trade-in and pay-off of his vehicle. We reverse.

We take the following facts from the motion record. In December 2015, plaintiff traded in his used car to defendant. The vehicle had an outstanding loan, which had to be satisfied at the trade-in. Plaintiff executed two agreements, namely, a trade-in agreement and a separate lease agreement for his new vehicle. The trade-in agreement has not been provided to us as a part of the record.

Plaintiff paid a seventy-five dollar fee, which was added to the loan payoff and not the future purchase or lease. Plaintiff claimed the fee was never disclosed or itemized and that defendant offered various explanations for its purpose, namely, to satisfy the per diem interest on the outstanding loan; "to allow time to receive credit approval, process the vehicle transaction, and make the payoff;" to cover title transfer costs, the cost of a bank check for the payoff amount, and the time and gas mileage of clerical staff to secure the bank draft; and the cost of express mail delivery of the pay-off amount to the bank. Plaintiff

2

claimed he never received an explanation for the fee and only learned about it after the trade-in.

Plaintiff filed a Law Division complaint on behalf of himself and a purported class asserting four counts for violation of the CFA, one count of common law fraud, and one count for violation of the TCCWNA. Defendant filed a motion for a stay and a motion to compel arbitration. The arbitration agreement was contained in the lease agreement, and in pertinent part, read as follows:

> READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIREY
>
> ARBITRATION
>
> Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity, of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the

dealer, or any such relationship with third parties who do not sign this contract.

RIGHTS YOU AND WE AGREE TO GIVE UP

If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR A JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

RIGHTS YOU AND WE DO NOT GIVE UP: . . . 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

          . . . .

. . . If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

The motion judge enforced arbitration and concluded the parties' contract was subject to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 - 16. The judge concluded the arbitration agreement was not "ambiguous or vague in any way." He concluded although arbitration was not the exclusive remedy, either party was free to seek arbitration "[a]nd it applie[d] to any claims related to this contract. . . . [And] it doesn't matter whether it's a statutory claim or a common law claim, it's all claims. And it's clear that class actions are not permitted by this particular agreement."

The judge concluded although there were two agreements, the matter involved one transaction because the "lease[] would not have occurred unless there was the trade-in of the vehicle. . . . The record . . . seems to indicate that [plaintiff] traded in his vehicle in exchange for the lease." The judge signed the order and this appeal followed.

The validity of an arbitration agreement is a question of law; therefore, we review the order to compel arbitration de novo. Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605 (App. Div. 2015) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)).

The FAA, and the New Jersey Arbitration Act (NJAA), N.J.S.A. 2A:23B-1 to -32, reflect federal and state policies that favor arbitration of disputes. The

FAA preempts state laws "that single out and invalidate arbitration agreements." Roach v. BM Motoring, LLC, 228 N.J. 163, 174 (2017) (citing Doctor's Assocs. v. Casarotto, 517 U.S. 681, 687 (1996)). Therefore, a court "cannot subject an arbitration agreement to more burdensome requirements than other contractual provisions." Ibid. (quotations and citations omitted). However,"[a]rbitration's favored status does not mean that every arbitration clause, however phrased, will be enforceable." Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 441 (2014) (citing Hirsch, 215 N.J. at 187).

Our Supreme Court has stated:

> An agreement to arbitrate, like any other contract, "must be the product of mutual assent, as determined under customary principles of contract law." NAACP of Camden Cnty. E. v. Foulke Mgmt., 421 N.J. Super. 404, 424 (App. Div. 2011)[.] . . .
>
> . . . .
>
> Mutual assent requires that the parties have an understanding of the terms to which they have agreed. "An effective waiver requires a party to have full knowledge of his legal rights and intent to surrender those rights." Knorr v. Smeal, 178 N.J. 169, 177 (2003) (citing W. Jersey Title & Guar. Co. v. Indus. Trust Co., 27 N.J. 144, 153 (1958)). "By its very nature, an agreement to arbitrate involves a waiver of a party's right to have her claims and defenses litigated in court." Foulke, 421 N.J. Super. at 425. But an average member of the public may not know -- without some explanatory

6

comment -- that arbitration is a substitute for the right to have one's claim adjudicated in a court of law.

Moreover, because arbitration involves a waiver of the right to pursue a case in a judicial forum, "courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent." Ibid.

. . . [U]nder New Jersey law, any contractual "waiver-of-rights provision must reflect that [the party] has agreed clearly and unambiguously" to its terms. [Leodori v. Cigna Corp., 175 N.J. 293, 302 (2003)]; see, e.g., Dixon v. Rutgers, the State Univ. of N.J., 110 N.J. 432, 460-61 (1988) (holding that collective bargaining agreement cannot deprive one of statutory rights to evidentiary materials in anti-discrimination case because "[u]nder New Jersey law[,] for a waiver of rights to be effective it must be plainly expressed")[.]

[Atalese, 219 N.J. at 442-43.]

If the meaning of an arbitration provision is ambiguous, it should be construed against the party who drafted the provision. Roach, 228 N.J. at 174 (citing Kieffer v. Best Buy, 205 N.J. 213, 224 (2011)).

On appeal, plaintiff argues the arbitration clause in the lease is vague because it states the parties "may" arbitrate, and therefore was not clear as to whether arbitration was an exclusive remedy. Plaintiff also argues the arbitration agreement does not state which statutory rights are being waived.

Lastly, plaintiff argues the arbitration agreement does not reference the trade-in agreement and whether claims arising from it were subject to arbitration.

At the outset, we note we have not been provided with the trade-in agreement or the motion certifications submitted to the motion judge. The arbitration provision was contained in the lease agreement and this document makes no reference to the trade-in agreement. Therefore, we are unable to assess the judge's conclusion and defendant's argument that the lease and the trade-in agreements functioned as one transaction. Without the trade-in agreement we have no means to determine whether the motion judge's findings regarding the arbitration provision met the "clear and unambiguous" standard enunciated by Atalese, or the ability to undertake our own de novo review.

More problematic is the absence of language in the lease agreement affirmatively informing plaintiff he could not pursue his statutory rights in court. As we noted, the lease agreement states: "Either you or Lessor/Finance Company/Holder ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law."

The lease agreement's use of the passive "may" when referring to a party's ability to opt into arbitration does not constitute a clear and unambiguous statement informing the reader that arbitration is the exclusive remedy. This language leaves open the possibility a party may also proceed with a cause of action in court, which is intimated by language stating arbitration would not be waived if a party filed suit in court. As noted in <u>Atalese</u>, plaintiff as "an average member of the public may not know -- without some explanatory comment -- that arbitration is a substitute for the right to have one's claim adjudicated in a court of law." <u>Atalese</u>, 219 N.J. at 442. Therefore, even without the trade-in agreement as part of the record, the arbitration agreement was not enforceable.

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3529-17T4